EASTHAMPTON LUMBER AND COAL COMPANY, LIMITED, Respondent, *v.* LAURA T. WORTHINGTON, Appellant.

*Easthampton L. & C. Co.* v. *Worthington*, 108 App. Div. 355, reversed. (Argued November 15, 1906; decided November 27, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 4, 1905, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term in an action for the foreclosure of a mechanic's lien.

*John Burlinson Coleman* for appellant.

*Timothy M. Griffing* for respondent.

VANN, J. This case was argued with that brought by the same plaintiff against another defendant and is infected with the same error. (*Easthampton Lumber & Coal Co.* v. *Worthington*, 186 N. Y. 407.) Both cases were tried at the same term and before the same judge, who found in each that the contract was substantially performed. The Appellate Division affirmed his judgment by a divided vote. The contract and the contractor were the same in both cases, except that there was a difference in the specifications and the price. The failures to comply with the specifications were of the same general nature and some of them were literally the same. The recovery was for the full amount claimed with no deduction for omissions.

The contractor testified : " One of the ash flues was left out. The lattice work in the kitchen was not done. The leaded glass and lattice work in the kitchen was not done as called for. The cement used was not Rosendale cement, it was Atlas cement. I did not furnish and set a rubbed blue stone hearth in the kitchen. I bridged all floor beams and all over 14 feet span, except the lower floor. I did not cover all first-story walls with 18-inch Washington red cedar shingles, laid with 5½ inches to the weather. They were not laid with 5½ inches to the weather. I did not use Washington red cedar shingles on the roof. I bought the glass for American double thick. I could not swear to it; I bought it for that. The doors

were to be $1\frac{1}{2}$ inches thick. There are five of these doors $1\frac{1}{4}$ inches thick. The partition for the china closet was set before the details came. It was to be set according to the floor plans. It was plastered right in the room. In that respect it is not like the details. The details and floor plans do not agree.

" The second floor was not floored with seven-eighths by two and one-half North Carolina pine. I did not furnish corner beads with turned tips. I did not use Sampson's Spot Braided sash cord: I used Silver Lake cord. I don't know whether the piping was covered with a coat of asbestos. The tin was old method tin; I don't know what kind. It was first quality tin. I can't swear positively that rain leaders were four inches in diameter.

" I did not use H. W. John's liquid paint on the outside of the house. I did not use H. W. John's paint for the porch floors. I forget just what was put on. I know it was oiled; I think it was oiled. I can't swear to it. It was oil or paint

" The details — the plans — show 18-inch columns for the porch. I can't say whether they were. I can't testify to just the size of these. The details of the rafters show a curved end. They were not made that way. * * * I charge extra for locust posts in place of cedar, because they cost more. Locust or cedar posts were called for by the specifications. I took the most expensive because it was best for the owner. I figured for cedar; I could not put in locust if I made an estimate on cedar. * * * I changed the porch flooring, because it would make a better job. No one asked me to do that. Only because it would make a better job. They wanted a good job." Some of these omissions were sufficiently explained, others insufficiently and some not at all, but no allowance was made for any.

For the reasons set forth in our opinion in the other case, we reverse the judgment in this case also upon the ground that there was no evidence to support the finding that the contract was substantially performed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER and HISCOCK, JJ., concur; WILLARD BARTLETT, J., not sitting.

Judgment reversed, etc.